UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA GAMBLE, as Administratrix *Pendente Lite* of the Estate of THOMAS J. HENISCH,<br><br>Plaintiff,<br><br>v.<br><br>PETERBILT MOTORS CO., PACCAR INC d/b/a PETERBILT MOTORS CO., OSHKOSH CORPORATION, and MCNEILUS TRUCK AND MANUFACTURING, INC.,<br><br>Defendants. | Civ. No.:  2:23-cv-2147<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

**PLEASE TAKE NOTICE** that Defendant PACCAR Inc d/b/a Peterbilt Motors Co. ("PACCAR"),[1] by and through its undersigned counsel, hereby submits this Notice of Removal of the above-entitled action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.  By this petition, Defendant PACCAR gives notice of removal of this action.  This notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper and appropriate based upon the following:

---

[1] The Complaint lists Peterbilt Motors Company as a standalone defendant.  However, Peterbilt is an unincorporated division of PACCAR and is not a viable legal entity.  See In re Sugar Indus. Antitrust Litig., 579 F.2d 13, 18 (3d Cir. 1978) ("A division of a corporation is not a separate entity but is the corporation itself."); Stotter & Co v. Amstar Corp., 579 F.2d 13, 18 (3d Cir. 1978). Therefore, Peterbilt is not a viable defendant in this matter.  See, e.g., Souffrant v. Toyota Motor Sales, U.S.A., Inc., 2018 WL 501274, at *1-2 (S.D. Fla. Jan. 22, 2018) ("[A] subdivision of a corporation is not a separate legal entity – meaning it cannot be sued as a matter of law."). "Peterbilt is an unincorporated division of PACCAR Inc.  Accordingly, the proper defendant is PACCAR, not Peterbilt." Leon v. Peterbilt Motors Co., 2019 WL 859580, at *1 (D. Ariz. Feb. 22, 2019).

1

**I.      INTRODUCTION.**

1. Defendant PACCAR desires to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the Court of Common Pleas of Allegheny County, Pennsylvania, where it is pending (Docket No. GD-23-007872) ("Complaint").

2. Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3. Defendant PACCAR is a manufacturer of heavy-duty commercial trucks. (Ex. A, Plt. Am. Compl., ¶ 4.) Peterbilt Motors Company ("Peterbilt") is an unincorporated division of PACCAR, and PACCAR sells Peterbilt-brand trucks. See, e.g., PACCAR Inc v. TeleScan Tech., LLC, 319 F.3d 243, 247 (6th Cir. 2003) ("Plaintiff PACCAR is a leading manufacturer of heavy-duty trucks and truck parts under several trademarks, including the 'Peterbilt' and 'Kenworth' trademarks."); Coast Cities Truck Sales, Inc. v. Navistar Int'l Transp. Co., 912 F. Supp. 747, 757 (D.N.J. 1995) (explaining that PACCAR is the "manufacturer of the Peterbilt and Kenworth brands").

4. Defendant McNeilus Truck and Manufacturing, Inc. ("McNeilus") manufactures refuse vehicles and concrete mixers. Defendant Oshkosh Corporation ("Oshkosh") does not manufacture concrete mixers.

5. In 2002, PACCAR manufactured a Peterbilt truck chassis. Plaintiff alleges that a concrete mixer, manufactured by McNeilus and/or Oshkosh, was affixed to the Peterbilt truck chassis. (Id. ¶¶ 7-14, 16-18.) The subject mixer truck was eventually purchased used by Riverside Concrete & Supply, Inc. ("Riverside") in August 2018. (Id. ¶ 29.)

6. Plaintiff's Amended Complaint makes the following allegations. On or about June 23, 2021, while in the scope of his employment at Riverside, Thomas J. Henisch was "operating, using, and/or in the vicinity" of the Peterbilt truck equipped with a McNeilus/Oshkosh cement mixer. (Id. ¶¶ 15-17, 19.) The cement mixer was "equipped with a hydraulic chute, from which the cement in the mixer is poured." (Id. ¶ 18.) Mr. Henisch was standing behind the truck when "the chute of the mixer began to move, violently striking him in the abdomen." (Id. ¶¶ 20-21.) Despite sustaining injuries, Mr. Henisch drove his truck back to his place of employment, where he parked the vehicle. (Id. ¶¶ 24-26.) Upon exiting the cab, Mr. Henisch fell to the ground, complaining of pain in his abdomen, and he was ultimately transported to the hospital. (Id. ¶ 27.) After being hospitalized for several months, Mr. Henisch died on September 5, 2021. (Id. ¶ 28.)

7. On February 10, 2023, Plaintiff Cynthia Gamble, who is domiciled in Pennsylvania, was appointed Administratrix *pendent lite* of the Estate of Thomas J. Henisch. (Ex. B, Plt. Compl., ¶¶ 1-2.) Plaintiff Gamble subsequently filed a wrongful death lawsuit and then filed an Amended Complaint. (Id.; Ex. A, Plt. Am. Compl.) The Amended Complaint contained twenty-four separate counts, and Plaintiff asserted causes of action sounding in strict liability, negligence, wrongful death, and breach of warranty. (Id. ¶¶ 43-174.)

8. This action has not been tried.

9. Defendants PACCAR, McNeilus and Oshkosh voluntarily appear in this action for purposes of removal but reserve all objections, arguments, and defenses to Plaintiff's Amended Complaint. Thus, this Notice of Removal is filed subject to and with a reservation of rights by Defendant PACCAR, McNeilus and Oshkosh, including, but not limited to, defenses and objections to venue, personal jurisdiction, and any other defenses Defendants might have available

to them.  Responsive pleadings or motions will be filed in accordance with Rule 81(c)(2) of the Federal Rules of Civil Procedure ("Rule").

10. Copies of all filed pleadings are collectively attached as Exhibit C.  (See Ex. C.)  Accordingly, copies of all proceedings, pleadings, and orders served have been attached to this Notice of Removal.

## II. NOTICE OF REMOVAL IS TIMELY.

11. This Notice of Removal is timely filed in accordance with the requirements of 28 U.S.C. § 1446(b).

12. The original Complaint was filed and served on September 28, 2023.  (Ex. B, Compl.)  In the original filing, Plaintiff included a cause of action for negligence against Smith-Grayson D.O.T. Consulting, LLC ("Smith-Grayson"), which is a transportation consulting service located in Pennsylvania.  (Id. ¶¶ 7, 68-71.)

13. Smith-Grayson is a Pennsylvania limited liability company, which has one member (Thomas G. Smith) who is domiciled in McDonald, Pennsylvania.  (Ex. D, Smith-Grayson Filing.)  Since Plaintiff and Smith-Grayson were both citizens of Pennsylvania, there was no diversity jurisdiction and removal was not permitted.   See, e.g., Lincoln Ben. Life Ins. Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) ("[T]he citizenship of an LLC is determined by the citizenship of its members.  For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side.")

14. However, on or about December 1, 2023, Plaintiff filed an Amended Complaint, which no longer included claims or causes of action against Smith-Grayson.[2]  (Ex. A.)  Upon

---

[2] Although the 174-paragraph Amended Complaint contains no reference to Smith-Grayson and there are no causes of action asserted against Smith-Grayson, Smith-Grayson was still listed in the caption.  Inclusion of Smith-Grayson in the caption was a typographical error when the Amended Complaint was drafted, and the parties have circulated a stipulation to amend the caption.  Thus,

information and belief, all defendants received a copy of the Amended Complaint on or about December 1, 2023.

15. This Notice of Removal is timely filed within 30 days of receipt of the Amended Complaint. See 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable."). Further, this Notice of Removal is being filed within one year after commencement of the original action. Id. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

16. Therefore, the filing of this Notice of Removal is timely.

### III.   ORIGINAL JURISDICTION EXISTS BECAUSE THE PARTIES ARE DIVERSE.

17. Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction over the case pursuant to 28 U.S.C. § 1332 because (a) there is diversity of citizenship between Plaintiff and the named defendants and (b) the amount in controversy exceeds $75,000.

---

Smith-Grayson is no longer a defendant, and its citizenship need not be considered for removal. Moreover, it is well-settled that a plaintiff cannot state a viable claim against a defendant by only including the defendant's name in a caption. See, e.g., Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); Gatewood v. Fed. Home Loan Mortg. Corp., 2011 WL 13319076, at *4 n. 7 ("Merely listing a defendant's name in the caption is insufficient to state a claim against that defendant."). Therefore, even if not a typographical error, Smith-Grayson's citizenship would still not be considered for purposes of this Notice of Removal.

A. **Plaintiff and Defendants are Diverse.**

18. Upon information and belief, and as alleged in the Amended Complaint, at all relevant times, the decedent was a citizen of the Commonwealth of Pennsylvania. (Ex. A, Plt. Am. Compl. ¶ 1.) "[W]here the plaintiff is the representative of the estate of a decedent, the plaintiff is deemed to acquire the citizenship of the decedent at the time of the decedent's death." Ojo v. Clarks Summit Hospitality, LLC, 2017 WL 2692019, at *2 (M.D. Pa. June 22, 2017); Ramsey v. Devereux Found., 2016 WL 3959075, at *3 (E.D. Pa. July 22, 2016). Therefore, Plaintiff is a citizen of the Commonwealth of Pennsylvania.[3]

19. At the time of the commencement of this action, and all times thereafter, Defendant PACCAR has been and is a Delaware corporation with its principal place of business in the State of Washington. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). As such, Defendant PACCAR is a citizen of the States of Washington and Delaware.

20. Peterbilt Motors Company is an unincorporated division of PACCAR and is not a legal entity. As such, it has the same citizenship as PACCAR. See, e.g., Bruesewitz v. Wyeth, Inc., 2006 WL 782437, at *3 n. 1 (E.D. Pa. Mar. 27, 2006) (explaining that an unincorporated division of a company has the same citizenship of the corporation of which it is a part); Mt. Olive Tabernacle Church v. Emerson Elec. Co., 1997 WL 89118, at *1 (E.D. Pa. Feb. 26, 1997) (same).

21. At the time of the commencement of this action, and all times thereafter, Oshkosh has been and is a Wisconsin corporation with a principal place of business in the State of Wisconsin. Therefore, Defendant Oshkosh is a citizen of the State of Wisconsin.

22. At the time of the commencement of this action, and all times thereafter, McNeilus

---

[3] It is also worth noting that, as alleged in the Amended Complaint, Plaintiff is also a citizen of the Commonwealth of Pennsylvania. (Id. ¶ 2.)

6

has been and is a Minnesota company with a principal place of business in the State of Minnesota. Therefore, Defendant McNeilus is a citizen of the State of Minnesota.

23. Based on the foregoing, complete diversity of citizenship exists between Plaintiff (Pennsylvania) and Defendants PACCAR (Washington and Delaware), Oshkosh (Wisconsin), and McNeilus (Minnesota).

**B.     The Amount in Controversy Exceeds $75,000.**

24. In this case, Plaintiff, on behalf of the Estate of Thomas Henisch, brings a 24-count lawsuit, asserting causes of action for strict liability, negligence, wrongful death, and breach of warranty. (Ex. A, Plt. Am. Compl., ¶¶ 43-174.) Plaintiff alleges that, on June 23, 2021, Mr. Henisch sustained internal injuries while using a cement mixer. (Id. ¶ 18.) After being injured by the chute of the cement mixer, he climbed back into the cab and drove the truck to his employer's place of business, which is where he ultimately fell to the ground. (Id. ¶¶ 18-27.) Mr. Henisch sustained blunt force trauma to his abdomen, traumatic abdominal aortic dissection, lower extremity ischemia, hematoma to the liver, bleeding, aortic aneurysm, and severe pain. (Id. ¶ 41.) After being transported to the hospital, Mr. Henisch remained hospitalized for several months before finally succumbing to his injuries and passing away on September 5, 2021. (Id. ¶ 28.)

25. At the time of his death, Plaintiff was married with two sons, one sister, and one brother. (Id. ¶ 40.) Plaintiff seeks damages for medical expenses; funeral and estate expenses; loss of support, income, services, guidance, counseling, consortium, and companionship; loss of society and comfort; loss of services as a parent and spouse; and expenses occurred by the estate. (Id. ¶ 174.) He also seeks damages for pain and suffering and lost earnings. (Id. ¶ 42.) Further, Plaintiff has asserted a claim for punitive damages. (Id. at p. 12, 15, 18, 19, 20, 22, 25, 26, 27, 29, 32, 34, 35, 37, 40.)

26.     Based on the totality of the facts alleged in the complaint (including the decedent's injuries, hospitalization, and death as well as the claim for punitive damages), the totality of the damages sought exceeds the amount in controversy.  See, e.g., Tong-Summerford v. Abington Mem. Hosp., 190 A.3d 631, 652 (Pa. Super. 2018) (jury award of $1.5 million for loss of society and comfort in wrongful death case of 88-year-old father); see also Frederico v. Home Depot, 507 F.3d 188, 198-99 (3d Cir. 2007) (explaining that a court must consider a claim for punitive damages when calculating the amount in controversy).  Accordingly, the amount in controversy threshold has been satisfied.

**IV.     CONFORMITY WITH THE RULE OF UNANIMITY.**

27.     The "rule of unanimity" requires that all the defendants to an action who have been served or otherwise properly joined in the action join in the removal or file a written consent to the removal.  See 28 U.S.C. 1446(b)(2)(A); see also Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 516 (2012).

28.     This Notice of Removal is being filed by PACCAR d/b/a Peterbilt with the consent of all other defendants, McNeilus and Oshkosh.  (See Ex. E, Ltr. of Consent.)  As such, the rule of unanimity has been satisfied.

**V.      REMOVAL TO THIS DISTRICT IS PROPER.**

29.     Pursuant to 28 U.S.C. §§ 1441, *et seq.*, the right exists to remove this case from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, which embraces the place where the action is pending.

**VI.     CONCLUSION.**

30.     Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Court of Common Pleas of Allegheny County, Pennsylvania, as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

31. Defendant PACCAR reserves the right to amend or supplement this Notice of Removal, and Defendant otherwise reserves all defenses.

32. Defendant PACCAR requests a trial by jury.

**WHEREFORE,** Defendant PACCAR d/b/a Peterbilt prays that this case be removed from the Court of Common Pleas of Allegheny County, Pennsylvania, to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceedings be had in the Court of Common Pleas of Allegheny County, Pennsylvania.

Dated: Philadelphia, Pennsylvania
December 21, 2023

Respectfully submitted,

**PISCIOTTI LALLIS ERDREICH**

s/*Anthony M. Pisciotti*
Anthony M. Pisciotti
Pa. Bar ID #70643
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(267) 817-9880
(973) 245-8101
apisciotti@pisciotti.com

Attorney for Defendant
PACCAR Inc d/b/a Peterbilt Motors Company

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via regular mail and electronic mail as follows:

Peter D. Friday, Esq.
PA ID # 48746
Brian S. Anderson, Esq.
PA ID #331961
Friday & Cox, LLC
1405 McFarland Road
Pittsburgh, PA 15216
(412) 900-8250
pfriday@fridaylaw.com
*Attorneys for Plaintiff*

Dennis P. Ziemba, Esq.
Ecker Seamans & Mellott, LLC
One Liberty Place
1650 Market Street, Suite 360
Philadelphia, PA 19103
dziemba@eckerseamans.com
*Attorneys for Defendants*
*Oshkosh Corporation and McNeilus Truck and Manufacturing, Inc.*

This 21st day of December 2023.

**PISCIOTTI LALLIS ERDREICH**

By: /s/*Anthony M. Pisciotti*
Anthony M. Pisciotti
apisciotti@pisciotti.com