# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CYNTHIA GAMBLE, as Administratrix
*Pendente Lite* of the Estate of THOMAS J.
HENISCH, deceased,

                    Plaintiff,

        vs.

PETERBILT MOTORS CO., PACCAR, INC.,
d/b/a PETERBILT MOTORS CO., OSHKOSH
CORPORATION, MCNEILUS TRUCK AND
MANUFACTURING, INC., and SMITH-
GRAYSON D.O.T. CONSULTING, LLC,

                  Defendants.

CIVIL DIVISION

Docket No.: GD-23-007872

**AMENDED COMPLAINT IN
CIVIL ACTION**

Filed on behalf of Plaintiff:

Cynthia Gamble, Administratrix
*Pendente Lite* of the Estate of Thomas
J. Hensich, deceased

Counsel of Record for this Party:

Peter D. Friday, Esquire
PA I.D. # 48746
*pfriday@fridaylaw.com*

Brian S. Anderson, Esquire
PA I.D. # 331961
*banderson@fridaylaw.com*

**FRIDAY & COX, LLC**
1405 McFarland Road
Pittsburgh, Pennsylvania 15216
Phone: (412) 561-4290
Fax:    (412) 561-4191

**JURY TRIAL DEMANDED**

## CERTIFICATE OF COMPLIANCE
I certify that this filing complies with the
provisions of the *Public Access Policy of the
Unified Judicial System of Pennsylvania* that
require filing confidential information and
documents differently than non-confidential
information and documents.

By: */s/ Peter D. Friday*
Peter D. Friday, Esquire

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

CYNTHIA GAMBLE, as Administratrix  CIVIL DIVISION
*Pendente Lite* of the Estate of THOMAS J.
HENISCH, deceased,      Docket No.: GD-23-007872

       Plaintiff,

  vs.

PETERBILT MOTORS CO., PACCAR,
INC., d/b/a PETERBILT MOTORS CO.,
OSHKOSH CORPORATION, MCNEILUS
TRUCK AND MANUFACTURING, INC.,
and SMITH-GRAYSON D.O.T.
CONSULTING, LLC,

       Defendants.

## NOTICE TO DEFEND

   You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

      **Allegheny County Bar Association**
      **436 Seventh Avenue**
      **Pittsburgh, PA  15219**
      **(412) 261-5555**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| CYNTHIA GAMBLE, as Administratrix *Pendente Lite* of the Estate of THOMAS J. HENISCH, deceased, | CIVIL DIVISION |
| | Docket No.: GD-23-007872 |
| Plaintiff, | |
| vs. | |
| PETERBILT MOTORS CO., PACCAR, INC., d/b/a PETERBILT MOTORS CO., OSHKOSH CORPORATION, MCNEILUS TRUCK AND MANUFACTURING, INC., and SMITH-GRAYSON D.O.T. CONSULTING, LLC, | |
| Defendants. | |

## <u>AMENDED COMPLAINT IN CIVIL ACTION</u>

Plaintiff Cynthia Gamble, Administratrix *Pendente Lite* of the Estate of Thomas J. Henisch, deceased, by and through her attorneys, Peter D. Friday, Esquire, Brian S. Anderson, Esquire and Friday & Cox LLC, complains and alleges as follows:

1.     Plaintiff Cynthia Gamble is an adult individual residing at 1029 Rice Avenue, Ambridge, Pennsylvania 15003.

2.     Plaintiff was appointed Administratrix *pendent lite* of the Estate of Thomas J. Henisch ("decedent") by the Register of Wills of Beaver County on February 10, 2023.

3.     Defendant Peterbilt Motors Co. ("Peterbilt") is a semi tractor-trailer manufacturing business entity with a principal place of business located at 1700 Woodbrock Street, Denton, Texas 76205, and which at all relevant times placed its products into the stream of commerce throughout Pennsylvania, including Allegheny County.

4.     Defendant PACCAR, Inc. ("PACCAR") is a semi tractor-trailer manufacturing

business entity with a principal place of business at 777 106th Avenue N.E., Bellevue, Washington 98004, which at all relevant times placed was the parent company of defendant Peterbilt, which put its products into the stream of commerce throughout Pennsylvania, including Allegheny County.

5.    Defendant McNeilus Truck and Manufacturing, Inc. ("McNeilus") is a concrete mixer manufacturing business entity with a principal place of business at 524 East Highway Street P.O. Box 70, Dodge Center, Minnesota 55927, which at all relevant times placed its products into the stream of commerce throughout Pennsylvania, including Allegheny County.

6.    Defendant Oshkosh Corporation ("Oshkosh") is a concrete mixer manufacturing business entity with a principal place of business at 1917 Four Wheel Drive, Oshkosh, Wisconsin 54902, which at all relevant times placed its products into the stream of commerce throughout Pennsylvania, including Allegheny County.

7.    Defendant Peterbilt manufactured and/or sold the Peterbilt semi tractor-trailer and/or cement mixer that decedent was operating at the time of the subject incident as described below, and/or defendant Peterbilt are the successors to the entity which designed, manufactured and/or sold said semi tractor-trailer and cement mixer, having acquired all of said entity's assets, liabilities and/or duties and continuing said entity's product line(s).

8.    Defendant Paccar manufactured and/or sold the Peterbilt semi tractor-trailer and/or cement mixer that decedent was operating at the time of the subject incident as described below and/or said defendant Paccar are the successors to the entity which designed, manufactured and/or sold said semi tractor-trailer and cement mixer, having acquired all of said entity's assets, liabilities and/or duties and continuing said entity's product line(s).

9.    Defendant McNeilus manufactured and/or sold the Peterbilt semi tractor-trailer

and/or cement mixer that decedent was operating at the time of the subject incident as described below, and/or defendant McNeilus are the successors to the entity which designed, manufactured and/or sold said semi tractor-trailer and cement mixer, having acquired all of said entity's assets, liabilities and/or duties and continuing said entity's product line(s).

10.     Defendant Oshkosh manufactured and/or sold the Peterbilt semi tractor-trailer and/or cement mixer that decedent was operating at the time of the subject incident as described below, and/or defendant Oshkosh are the successors to the entity which designed, manufactured and/or sold said semi tractor-trailer and cement mixer, having acquired all of said entity's assets, liabilities and/or duties and continuing said entity's product line(s).

11.     At all relevant times, defendant Peterbilt and/or their predecessors in interest acted by and through its agents, servants, assignees and/or employees who were acting in the course and scope of their employment, agency, servitude or assignment with defendant Peterbilt on defendant Peterbilt's behalf, business and/or interest.

12.     At all relevant times, defendant Paccar and/or their predecessors in interest acted by and through its agents, servants, assignees and/or employees who were acting in the course and scope of their employment, agency, servitude or assignment with defendant Paccar on defendant Paccar's behalf, business and/or interest.

13.     At all relevant times, defendant McNeilus and/or their predecessors in interest acted by and through its agents, servants, assignees and/or employees who were acting in the course and scope of their employment, agency, servitude or assignment with defendant McNeilus on defendant McNeilus' behalf, business and/or interest.

14.     At all relevant times, defendant Oshkosh and/or their predecessors in interest acted by and through its agents, servants, assignees and/or employees who were acting in the course and

scope of their employment, agency, servitude or assignment with defendant Oshkosh on defendant Oshkosh's behalf, business and/or interest.

15.     On June 23, 2021, at or around 1:30 P.M., decedent was operating, using, and/or in the vicinity of a 2002 Peterbilt semi tractor-trailer, VIN 1NPALU0X02D574277 ("subject vehicle"), designed, manufactured and/or sold by defendants Peterbilt and/or PACCAR, Inc., and intended for use by decedent under the scope of his employment.

16.     The subject vehicle was equipped with a cement mixer that was designed, manufactured and/or sold by defendant McNeilus and intended for use by decedent.

17.     The subject vehicle was equipped with a cement mixer that was designed, manufactured and/or sold by defendant Oshkosh and intended for use by decedent.

18.     The mixer is equipped with a hydraulic chute, from which the cement in the mixer is poured.

19.     At or around that date and time, decedent was operating the subject vehicle and the cement mixer at an unknown location during the scope of his employment at Riverside Concrete & Supply, Inc. ("Riverside").

20.     At some time during his operation of the subject vehicle and the cement mixer, the vehicle and mixer were brought to a stop, and decedent stood behind the vehicle near the mixer and chute.

21.     At some time while decedent was standing near the back of the cement mixer, the chute of the mixer began to move, violently striking him in the abdomen and causing severe injuries.

22.     Prior to the impact, numerous failures to warn contributed to decedent's standing next to the cement mixer and chute, including a failure to warn of the dangers of the chute's lateral

movement and a failure to warn of the increased velocity and force of the chute's movement when it contained dried concrete during required cleaning procedures.

23.    Had there been adequate warnings concerning the danger of the lateral movement from the cement mixer's chute, decedent would not have stood next to the chute and would have likely avoided harm.

24.    Upon impact, numerous product defects caused decedent to suffer catastrophic injuries, including a design defect that allowed the chute to move at such a high rate of lateral speed, with dried cement caked onto the chute, as to injure decedent, as well as not being equipped with any brakes or guards so as to prevent the violent lateral movement of the chute.

25.    Decedent then drove the subject vehicle back to his place of employment—Riverside Concrete & Supply, Inc.—located at 889 Pennsylvania Avenue, Coraopolis, Pennsylvania 15108.

26.    At approximately 2:53 P.M., decedent arrived at Riverside's premises, where he parked the subject vehicle, opened the driver side door, and slid out of the vehicle.

27.    Other Riverside employees came to decedent on the ground when he complained of pain in his abdomen and numbness in his extremities. One of Riverside's employees called for emergency medical services, and decedent was transported to Allegheny General Hospital to receive medical treatment for his grievous injuries.

28.    Decedent was then hospitalized for several months, and he died on September 5, 2021, as a result of his grievous, and ultimately fatal, injuries.

29.    Decedent's employer purchased the subject vehicle from defendants Peterbilt, Paccar, McNeilus, and/or Oshkosh on or around August 22, 2018, and its condition was

substantially unchanged from the time Riverside received the product from all defendants up and until the time of the subject incident.

30.     Prior to the incident, neither decedent nor the general public had knowledge of the likelihood of harm resulting from the chute's lateral movement and its potential to cause serious injury or death.

31.     Prior to decedent's death, defendant Peterbilt had full knowledge of the danger from the chute's movement, yet failed to warn users of its danger and, instead, concealed the defect from the public and decedent.

32.     Prior to decedent's death, defendant Paccar had full knowledge of the danger from the chute's movement, yet failed to warn users of its danger and, instead, concealed the defect from the public and decedent.

33.     Prior to decedent's death, defendant McNeilus had full knowledge of the danger from the chute's movement, yet failed to warn users of its danger and, instead, concealed the defect from the public and decedent.

34.     Prior to decedent's death, defendant Oshkosh had full knowledge of the danger from the chute's movement, yet failed to warn users of its danger and, instead, concealed the defect from the public and decedent.

35.     Decedent could not have appreciated the risk of standing next to the cement mixer chute before his death because that risk was not disclosed to him.

36.     Decedent's estate could not have become aware of the hazards associated with Riverside's subject vehicle for neither decedent nor his estate received adequate warnings associated with its use.

37.     Neither the subject vehicle nor any vehicle manuals, pamphlets, or other literature contained any warnings about standing next to the chute, nor warned about the violent lateral movement of the chute.

38.     During his lifetime, decedent did not commence any civil action to recover damages for his injuries that caused his untimely death.

39.     As Administratrix of the Estate of Thomas J. Henisch, plaintiff is lawfully permitted to bring the within wrongful death and survival actions on behalf of all persons entitled to recover damages for the wrongful death of decedent pursuant to 42 Pa. C.S. §8301 and §8302 relating to wrongful death and survival actions.

40.     The names, relationship and addresses of all persons who are or may be entitled by law to receive damages for the death of decedent are as follows:

   (a)   Kimberly Henisch, wife of decedent, who currently resides at 1152 Rice Avenue, Ambridge, PA 15003;

   (b)   Brian Henisch, son of decedent, who currently resides at 130 Zewe Ally, Duquesne, PA 15110;

   (c)   Robert Henisch, son of decedent, who currently resides at 227 Maplewood Ave., Ambride, PA 15003;

   (d)   Mark Henisch, brother of decedent, who currently resides at 137 South Street, East Palestine, OH 44413; and

   (e)   Deborah Cattley, sister of decedent, who currently resides at 233 Blossom Lane, Sewickley, PA 15143.

41.     As a direct and proximate result of the negligence and carelessness of defendants, decedent sustained the following injuries:

   (a)   Blunt force trauma to his abdomen;

   (b)   Lower extremity ischemia;

   (c)   Traumatic abdominal aortic dissection;

(d)   Numerous emboli in his legs;

(e)   Hematoma of the liver;

(f)   Bleeding;

(g)   Right-sided pleural effusion;

(h)   Perihepatic hematoma;

(i)   Aortic aneurysm;

(j)   Severe pain in his legs;

(k)   Nervousness, emotional trauma, fear and anxiety;

(l)   Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body;

(m)  Severe and persistent pain and suffering;

(n)   Other injuries to be proven at trial; and

(o)   Death.

42.    As a direct and proximate result of the negligence and carelessness of defendants, decedent suffered the following damages:

(a)   Great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

(b)   Lost earnings, and decedent's earning capacity has been permanently impaired;

(c)   Inability to enjoy various pleasures of life that were previously enjoyed;

(d)   Permanent loss and impairment of general health, strength, and vitality; and

(e)   Death.

### COUNT I
*Plaintiff v. Defendant Peterbilt Motors Co.*
***Survival Action – Strict Liability: Failure to Warn***

43.    All preceding paragraphs of this complaint are incorporated herein by reference.

44.     At all relevant times, defendant Peterbilt was engaged in the business of marketing, distribution and sale of the subject defective vehicle and the dangerous cement mixer and chute.

45.     At all relevant times, the subject vehicle and cement mixer involved in the catastrophic incident described above were expected to, and did, reach decedent's employer and decedent without substantial change in the condition in which it was sold, and it remained unchanged up until the incident on June 23, 2021.

46.     As it was supplied to decedent, the subject vehicle and cement mixer were in a defective condition, unreasonably dangerous and unsafe for its intended users and uses.

47.     The risks and dangers associated with the subject vehicle and cement mixer were widely known and knowable to defendant Peterbilt at the time of sale to decedent's employer, and at the time of decedent's injury and death.

48.     Defendant Peterbilt negligently failed to provide warnings of such risks and dangers to decedent as described herein and said risks were not known or knowable to decedent at the time of his death. Ordinary users, including decedent, would not have recognized the potential risks and dangers the subject vehicle and cement mixer posed because warnings associated with the chute's usage only concerned the vertical—and not lateral—movement of the chute.

49.     The subject vehicle and cement mixer were used by decedent in the manner directed, and therefore, a way reasonably foreseeable to defendant Peterbilt.

50.     Defendant Peterbilt failed to supply decedent with proper warnings and instructions to assure that incidents of the cement mixer's chute unintentionally moving with excessive lateral force during cleaning procedures would not occur, and to alert users and consumers of the danger posed to owners by the subject vehicle and cement mixer.

51.     At all relevant times, some or all of defendant Peterbilt's acts and omissions were wanton, willful, reckless, and outrageous.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT II**
*Plaintiff v. Defendant Peterbilt Motors Co.*
***Survival Action – Strict Liability: Defective Design***

52.     All preceding paragraphs of this complaint are hereby incorporated by reference.

53.     The subject vehicle and cement mixer was manufactured, supplied and/or distributed for sale by defendant Peterbilt, and were placed into the stream of commerce in a defective and unreasonably dangerous condition by defendant Peterbilt, in that the foreseeable risks exceeded the benefits associated with its design or formulation.

54.     Defendant Peterbilt was aware of the defective condition of the subject vehicle and cement mixer from the time of its design through the date of decedent's death.

55.     As a result of the defective and unreasonably dangerous condition of the subject vehicle and cement mixer, manufactured, designed and/or supplied by defendant Peterbilt, decedent was caused to be unexpectedly struck in the abdomen with the cement mixer's chute. Had the subject vehicle and cement mixer not malfunctioned, decedent never would have been caused to have been struck in the abdomen.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against

defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT III**
*Plaintiff v. Defendant Peterbilt Motors Co.*
*Survival Action – Negligence*

56.     All preceding paragraphs of this complaint are hereby incorporated by reference.

57.     Defendant Peterbilt and their representatives were manufacturers, designers, marketers, and/or distributors of the subject vehicle and cement mixer.  At all times material hereto, defendant Peterbilt had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject vehicle and cement mixer.

58.     Defendant Peterbilt so negligently and carelessly manufactured, compounded, tested, assembled, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject vehicle and cement mixer, that it was dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

59.     Decedent's injuries were a direct and proximate result of defendant Peterbilt's negligent and careless conduct with respect to the subject vehicle and cement mixer in the following particulars:

(a)   In failing to use due care in designing, marketing and selling a defective product;

(b)   In negligently approving a design which defendants knew was defective, faulty and dangerous for the intended users, including decedent;

(c)   In prioritizing defendants' own economic interests ahead of the safety of the public and its consumers, including decedent;

(d)  In failing to provide a vehicle and cement mixer whose benefits outweighed the dangers;

(e)  In carelessly promoting, advertising and selling to the general public, the subject vehicle and cement mixer as adequate and safe products for use;

(f)  In failing to properly warn or instruct purchasers of the subject vehicle and cement mixer of the specific danger of the lateral movement of the cement mixer's chute during required cleaning procedures;

(g)  In failing to adequately test, examine or inspect the subject vehicle and cement mixer when truck defendants knew or should have known that it was dangerous and defective, and could result in serious injury or death;

(h)  In failing to comply with industry standards, and company standards, when designing, manufacturing, labeling and distributing the subject vehicle and cement mixer;

(i)  In misrepresenting to plaintiff's decedent and decedent's employer that the subject vehicle and cement mixer were safe for use;

(j)  In violating consumer protection standards in the design, manufacture, sale and/or distribution of the subject vehicle and cement mixer;

(k)  In failing to maintain adequate design, manufacturing and/or warning procedural checks and safeguards that could have prevented the subject vehicle and cement mixer from reaching the public and decedent in a defective condition; and

(l)  In designing, manufacturing, marketing, selling and/or distributing the subject vehicle and cement mixer in a defective and unreasonably dangerous condition.

60.    As a direct and proximate result of defendant Peterbilt and/or it's predecessors' negligence and carelessness, plaintiff and decedent suffered the injuries and damages set forth in this complaint.

61.    At all times material hereto, defendant Peterbilt and/or their predecessors knew or had reason to know of the defective and unreasonably dangerous conditions of the subject vehicle and cement mixer, and that the subject vehicle and cement mixer had design, manufacturing and/or

warning defects and failed to take any action to remedy the same, warn consumers, such as the decedent.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT IV**
*Plaintiff v. Defendant Peterbilt Motors Co.*
***Survival Action – Breach of Express Warranty***

62.     All preceding paragraphs of this complaint are hereby incorporated by reference.

63.     Defendant Peterbilt expressly warranted to plaintiff, decedent and the general public that the subject defective vehicle and cement mixer were safe, effective, fit and proper for its intended use by and through their advertisements, pamphlets, manuals and verbal representations.

64.     Decedent reasonably relied upon the skill and judgment of defendant Peterbilt and upon said express warranty, in purchasing and using the subject vehicle. The warranty and representations were untrue in that the product caused decedent to suffer personal injuries and death, and was therefore unsafe and unsuited for the use for which it was intended and warranted.

65.     Defendant Peterbilt had ample and sufficient notice of the breach of said warranty, as soon as the true defective nature of the product, and the fact that the warranty and representations were false, were ascertained years before decedent's death.

66.     As a result of defendant Peterbilt's breach of express warranty, plaintiff and decedent have sustained injuries and damages as described herein, and are therefore entitled to compensatory damages.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT V
*Plaintiff v. Defendant Peterbilt Motors Co.*
### Survival Action – Breach of Implied Warranty

67.     All preceding paragraphs of this complaint are hereby incorporated by reference.

68.     Defendant Peterbilt distributed and sold the subject vehicle and cement mixer, and were, with respect to that product, merchants within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

69.     Defendant Peterbilt impliedly warranted that the subject vehicle and cement mixer, which they promoted, distributed and sold to decedent, was merchantable, fit and safe for ordinary use, and would not cause injuries and death.

70.     In purchasing the subject vehicle and cement mixer, decedent's employer—and decedent himself—relied upon the judgment of defendant Peterbilt that it was fit for its intended purpose and would not cause death during its ordinary use.

71.     Defendant Peterbilt's subject vehicle and/or cement mixer were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the purpose for which it was sold, and caused decedent to die, resulting in injuries and damages to him and plaintiff.

72.     Therefore, defendant Peterbilt breached the implied warranties of merchantability and fitness for a particular purpose when the subject vehicle and cement mixer was sold to decedent's employer, in that the product was defective and caused decedent to die, and otherwise failed to function as represented, intended and warranted.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs,

**COUNT VI**
*Plaintiff v. Defendant Peterbilt Motors Co.*
***Wrongful Death***

73.     All preceding paragraphs of this complaint are hereby incorporated by reference.

74.     At all relevant times, defendant Peterbilt conducted themselves in a careless and negligent manner as set forth above.

75.     As a direct and proximate result of defendant Peterbilt's conduct, plaintiff and decedent's estate suffered the following damages:

(a)   Medical expenses for services and supplies incidental to the treatment and subsequent death of decedent;

(b)   Funeral and estate expenses necessitated by decedent's death;

(c)   Loss and denial of support, income, services, assistance, guidance, counseling, consortium, care, attention, protection, advice, instruction, training, education and companionship of decedent over the time he was expected to live;

(d)   Loss of society and comfort, friendship, guidance, love and affection of decedent over the time he was expected to live;

(e)   Loss of decedent's services as a parent and spouse;

(f)   Expenses incurred in the administration of decedent's estate; and

(g)   Other losses and damages recoverable under 42 Pa. Cons. Stat. § 8301.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Peterbilt in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT VII**
*Plaintiff v. Defendant Paccar, Inc.*
***Survival Action – Strict Liability: Failure to Warn***

76.     All preceding paragraphs of this complaint are incorporated herein by reference.

77.     At all relevant times, defendant Paccar was engaged in the business of marketing, distribution and sale of the subject defective vehicle and the dangerous cement mixer and chute.

78.     At all relevant times, the subject vehicle and cement mixer involved in the catastrophic incident described above were expected to, and did, reach decedent's employer and decedent without substantial change in the condition in which it was sold, and it remained unchanged up until the incident on June 23, 2021.

79.     As it was supplied to decedent, the subject vehicle and cement mixer were in a defective condition, unreasonably dangerous and unsafe for its intended users and uses.

80.     The risks and dangers associated with the subject vehicle and cement mixer were widely known and knowable to defendant Paccar at the time of sale to decedent's employer, and at the time of decedent's injury and death.

81.     Defendant Paccar negligently failed to provide warnings of such risks and dangers to decedent as described herein and said risks were not known or knowable to decedent at the time of his death. Ordinary users, including decedent, would not have recognized the potential risks and

dangers the subject vehicle and cement mixer posed because warnings associated with the chute's usage only concerned the vertical—and not lateral—movement of the chute.

82.     The subject vehicle and cement mixer were used by decedent in the manner directed, and therefore, a way reasonably foreseeable to defendant Peterbilt.

83.     Defendant Paccar failed to supply decedent with proper warnings and instructions to assure that incidents of the cement mixer's chute unintentionally moving with excessive lateral force during cleaning procedures would not occur, and to alert users and consumers of the danger posed to owners by the subject vehicle and cement mixer.

84.     At all relevant times, some or all of defendant Paccar's acts and omissions were wanton, willful, reckless, and outrageous.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT VIII
*Plaintiff v. Defendant Paccar, Inc.*
***Survival Action – Strict Liability: Defective Design***

85.     All preceding paragraphs of this complaint are hereby incorporated by reference.

86.     The subject vehicle and cement mixer was manufactured, supplied and/or distributed for sale by defendant Paccar, and were placed into the stream of commerce in a defective and unreasonably dangerous condition by defendant Paccar, in that the foreseeable risks exceeded the benefits associated with its design or formulation.

87.     Defendant Paccar was aware of the defective condition of the subject vehicle and cement mixer from the time of its design through the date of decedent's death.

88.     As a result of the defective and unreasonably dangerous condition of the subject vehicle and cement mixer, manufactured, designed and/or supplied by defendant Paccar, decedent was caused to be unexpectedly struck in the abdomen with the cement mixer's chute.  Had the subject vehicle and cement mixer not malfunctioned, decedent never would have been caused to have been struck in the abdomen.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT IX**
*Plaintiff v. Defendant Paccar, Inc.*
***Survival Action – Negligence***

89.     All preceding paragraphs of this complaint are hereby incorporated by reference.

90.     Defendant Paccar and their representatives were manufacturers, designers, marketers, and/or distributors of the subject vehicle and cement mixer.  At all times material hereto, defendant Paccar had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject vehicle and cement mixer.

91.     Defendant Paccar so negligently and carelessly manufactured, compounded, tested, assembled, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject

vehicle and cement mixer, that it was dangerous and unsafe for the use and purpose for which it

was intended, and for whom its use was intended.

92.     Decedent's injuries were a direct and proximate result of defendant Paccar's

negligent and careless conduct with respect to the subject vehicle and cement mixer in the

following particulars:

(a)     In failing to use due care in designing, marketing and selling a defective product;

(b)     In negligently approving a design which defendants knew was defective, faulty and dangerous for the intended users, including decedent;

(c)     In prioritizing defendants' own economic interests ahead of the safety of the public and its consumers, including decedent;

(d)     In failing to provide a vehicle and cement mixer whose benefits outweighed the dangers;

(e)     In carelessly promoting, advertising and selling to the general public, the subject vehicle and cement mixer as adequate and safe products for use;

(f)     In failing to properly warn or instruct purchasers of the subject vehicle and cement mixer of the specific danger of the lateral movement of the cement mixer's chute during required cleaning procedures;

(g)     In failing to adequately test, examine or inspect the subject vehicle and cement mixer when truck defendants knew or should have known that it was dangerous and defective, and could result in serious injury or death;

(h)     In failing to comply with industry standards, and company standards, when designing, manufacturing, labeling and distributing the subject vehicle and cement mixer;

(i)     In misrepresenting to plaintiff's decedent and decedent's employer that the subject vehicle and cement mixer were safe for use;

(j)     In violating consumer protection standards in the design, manufacture, sale and/or distribution of the subject vehicle and cement mixer;

(k)     In failing to maintain adequate design, manufacturing and/or warning procedural checks and safeguards that could have prevented the subject vehicle

and cement mixer from reaching the public and decedent in a defective condition; and

(l)    In designing, manufacturing, marketing, selling and/or distributing the subject vehicle and cement mixer in a defective and unreasonably dangerous condition.

93.    As a direct and proximate result of defendant Paccar and/or it's predecessors' negligence and carelessness, plaintiff and decedent suffered the injuries and damages set forth in this complaint.

94.    At all times material hereto, defendant Paccar and/or their predecessors knew or had reason to know of the defective and unreasonably dangerous conditions of the subject vehicle and cement mixer, and that the subject vehicle and cement mixer had design, manufacturing and/or warning defects and failed to take any action to remedy the same, warn consumers, such as the decedent.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT X
*Plaintiff v. Defendant Paccar, Inc.*
***Survival Action – Breach of Express Warranty***

95.    All preceding paragraphs of this complaint are hereby incorporated by reference.

96.    Defendant Paccar expressly warranted to plaintiff, decedent and the general public that the subject defective vehicle and cement mixer were safe, effective, fit and proper for its intended use by and through their advertisements, pamphlets, manuals and verbal representations.

97.     Decedent reasonably relied upon the skill and judgment of defendant Paccar and upon said express warranty, in purchasing and using the subject vehicle. The warranty and representations were untrue in that the product caused decedent to suffer personal injuries and death, and was therefore unsafe and unsuited for the use for which it was intended and warranted.

98.     Defendant Paccar had ample and sufficient notice of the breach of said warranty, as soon as the true defective nature of the product, and the fact that the warranty and representations were false, were ascertained years before decedent's death.

99.     As a result of defendant Paccar's breach of express warranty, plaintiff and decedent have sustained injuries and damages as described herein, and are therefore entitled to compensatory damages.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT XI
*Plaintiff v. Defendant Paccar, Inc.*
**Survival Action – Breach of Implied Warranty**

100.     All preceding paragraphs of this complaint are hereby incorporated by reference.

101.     Defendant Paccar distributed and sold the subject vehicle and cement mixer, and were, with respect to that product, merchants within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

102.    Defendant Paccar impliedly warranted that the subject vehicle and cement mixer, which they promoted, distributed and sold to decedent, was merchantable, fit and safe for ordinary use, and would not cause injuries and death.

103.    In purchasing the subject vehicle and cement mixer, decedent's employer—and decedent himself—relied upon the judgment of defendant Paccar that it was fit for its intended purpose and would not cause death during its ordinary use.

104.    Defendant Paccar's subject vehicle and/or cement mixer were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the purpose for which it was sold, and caused decedent to die, resulting in injuries and damages to him and plaintiff.

105.    Therefore, defendant Paccar breached the implied warranties of merchantability and fitness for a particular purpose when the subject vehicle and cement mixer was sold to decedent's employer, in that the product was defective and caused decedent to die, and otherwise failed to function as represented, intended and warranted.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT XII
*Plaintiff v. Defendant Paccar, Inc.*
***Wrongful Death***

106.    All preceding paragraphs of this complaint are hereby incorporated by reference.

107.    At all relevant times, defendant Paccar conducted themselves in a careless and negligent manner as set forth above.

108.    As a direct and proximate result of defendant Paccar's conduct, plaintiff and decedent's estate suffered the following damages:

    (a)    Medical expenses for services and supplies incidental to the treatment and subsequent death of decedent;

    (b)    Funeral and estate expenses necessitated by decedent's death;

    (c)    Loss and denial of support, income, services, assistance, guidance, counseling, consortium, care, attention, protection, advice, instruction, training, education and companionship of decedent over the time he was expected to live;

    (d)    Loss of society and comfort, friendship, guidance, love and affection of decedent over the time he was expected to live;

    (e)    Loss of decedent's services as a parent and spouse;

    (f)    Expenses incurred in the administration of decedent's estate; and

    (g)    Other losses and damages recoverable under 42 Pa. Cons. Stat. § 8301.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Paccar in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT XIII
*Plaintiff v. Defendant Oshkosh Corporation*
***Survival Action – Strict Liability: Failure to Warn***

109.    All preceding paragraphs of this complaint are incorporated herein by reference.

110.    At all relevant times, defendant Oshkosh was engaged in the business of marketing, distribution and sale of the subject defective vehicle and the dangerous cement mixer and chute.

111.    At all relevant times, the subject vehicle and cement mixer involved in the catastrophic incident described above were expected to, and did, reach decedent's employer and

decedent without substantial change in the condition in which it was sold, and it remained unchanged up until the incident on June 23, 2021.

112.    As it was supplied to decedent, the subject vehicle and cement mixer were in a defective condition, unreasonably dangerous and unsafe for its intended users and uses.

113.    The risks and dangers associated with the subject vehicle and cement mixer were widely known and knowable to defendant Oshkosh at the time of sale to decedent's employer, and at the time of decedent's injury and death.

114.    Defendant Oshkosh negligently failed to provide warnings of such risks and dangers to decedent as described herein and said risks were not known or knowable to decedent at the time of his death. Ordinary users, including decedent, would not have recognized the potential risks and dangers the subject vehicle and cement mixer posed because warnings associated with the chute's usage only concerned the vertical—and not lateral—movement of the chute.

115.    The subject vehicle and cement mixer were used by decedent in the manner directed, and therefore, a way reasonably foreseeable to defendant Oshkosh.

116.    Defendant Oshkosh failed to supply decedent with proper warnings and instructions to assure that incidents of the cement mixer's chute unintentionally moving with excessive lateral force during cleaning procedures would not occur, and to alert users and consumers of the danger posed to owners by the subject vehicle and cement mixer.

117.    At all relevant times, some or all of defendant Oshkosh's acts and omissions were wanton, willful, reckless, and outrageous.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration,

together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable

## COUNT XIV
*Plaintiff v. Defendant Oshkosh Corporation*
***Survival Action – Strict Liability: Defective Design***

118.    All preceding paragraphs of this complaint are hereby incorporated by reference.

119.    The subject vehicle and cement mixer was manufactured, supplied and/or distributed for sale by defendant Oshkosh, and was placed into the stream of commerce in a defective and unreasonably dangerous condition by defendant Oshkosh, in that the foreseeable risks exceeded the benefits associated with its design or formulation.

120.    Defendant Oshkosh was aware of the defective condition of the subject vehicle and cement mixer from the time of its design through the date of decedent's death.

121.    As a result of the defective and unreasonably dangerous condition of the subject vehicle and cement mixer, manufactured, designed and/or supplied by defendant Oshkosh, decedent was caused to be unexpectedly struck in the abdomen with the cement mixer's chute. Had the subject vehicle and cement mixer not malfunctioned, decedent never would have been caused to have been struck in the abdomen.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable

## COUNT XV
*Plaintiff v. Defendant Oshkosh Corporation*
***Survival Action – Negligence***

122.    All preceding paragraphs of this complaint are hereby incorporated by reference.

123.    Defendant Oshkosh and their representatives were manufacturers, designers, marketers, and/or distributors of the subject vehicle and cement mixer.  At all times material hereto, defendant Oshkosh had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject vehicle and cement mixer.

124.    Defendant Oshkosh so negligently and carelessly manufactured, compounded, tested, assembled, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject vehicle and cement mixer, that it was dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

125.    Decedent's injuries were a direct and proximate result of defendant Oshkosh's negligent and careless conduct with respect to the subject vehicle and cement mixer in the following particulars:

    (a)  In failing to use due care in designing, marketing and selling a defective product;

    (b)  In negligently approving a design which defendants knew was defective, faulty and dangerous for the intended users, including decedent;

    (c)  In prioritizing defendants' own economic interests ahead of the safety of the public and its consumers, including decedent;

    (d)  In failing to provide a vehicle and cement mixer whose benefits outweighed the dangers;

    (e)  In carelessly promoting, advertising and selling to the general public, the subject vehicle and cement mixer as adequate and safe products for use;

    (f)  In failing to properly warn or instruct purchasers of the subject vehicle and cement mixer of the specific danger of the lateral movement of the cement mixer's chute during required cleaning procedures;

(g)  In failing to adequately test, examine or inspect the subject vehicle and cement mixer when truck defendants knew or should have known that it was dangerous and defective, and could result in serious injury or death;

(h)  In failing to comply with industry standards, and company standards, when designing, manufacturing, labeling and distributing the subject vehicle and cement mixer;

(i)  In misrepresenting to plaintiff's decedent and decedent's employer that the subject vehicle and cement mixer were safe for use;

(j)  In violating consumer protection standards in the design, manufacture, sale and/or distribution of the subject vehicle and cement mixer;

(k)  In failing to maintain adequate design, manufacturing and/or warning procedural checks and safeguards that could have prevented the subject vehicle and cement mixer from reaching the public and decedent in a defective condition; and

(l)  In designing, manufacturing, marketing, selling and/or distributing the subject vehicle and cement mixer in a defective and unreasonably dangerous condition.

126.  As a direct and proximate result of defendant Oshkosh's and/or it's predecessors' negligence and carelessness, plaintiff and decedent suffered the injuries and damages set forth in this complaint.

127.  At all times material hereto, defendant Oshkosh and/or their predecessors knew or had reason to know of the defective and unreasonably dangerous conditions of the subject vehicle and cement mixer, and that the subject vehicle and cement mixer had design, manufacturing and/or warning defects and failed to take any action to remedy the same, warn consumers, such as the decedent.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration,

together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XVI
### *Plaintiff v. Defendant Oshkosh Corporation*
### ***Survival Action – Breach of Express Warranty***

128.    All preceding paragraphs of this complaint are hereby incorporated by reference.

129.    Defendant Oshkosh expressly warranted to plaintiff, decedent and the general public that the subject defective vehicle and cement mixer were safe, effective, fit and proper for its intended use by and through their advertisements, pamphlets, manuals and verbal representations.

130.    Decedent reasonably relied upon the skill and judgment of defendant Oshkosh and upon said express warranty, in purchasing and using the subject vehicle. The warranty and representations were untrue in that the product caused decedent to suffer personal injuries and death, and was therefore unsafe and unsuited for the use for which it was intended and warranted.

131.    Defendant Oshkosh had ample and sufficient notice of the breach of said warranty, as soon as the true defective nature of the product, and the fact that the warranty and representations were false, were ascertained years before decedent's death.

132.    As a result of defendant Oshkosh's breach of express warranty, plaintiff and decedent have sustained injuries and damages as described herein, and are therefore entitled to compensatory damages.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration, together

with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XVII
*Plaintiff v. Defendant Oshkosh Corporation*
**Survival Action – Breach of Implied Warranty**

133.     All preceding paragraphs of this complaint are hereby incorporated by reference.

134.     Defendant Oshkosh distributed and sold the subject vehicle and cement mixer, and were, with respect to that product, merchants within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

135.     Defendant Oshkosh impliedly warranted that the subject vehicle and cement mixer, which they promoted, distributed and sold to decedent, was merchantable, fit and safe for ordinary use, and would not cause injuries and death.

136.     In purchasing the subject vehicle and cement mixer, decedent's employer—and decedent himself—relied upon the judgment of defendant Oshkosh that it was fit for its intended purpose and would not cause death during its ordinary use.

137.     Defendant Oshkosh's subject vehicle and/or cement mixer were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the purpose for which it was sold, and caused decedent to die, resulting in injuries and damages to him and plaintiff.

138.     Therefore, defendant Oshkosh breached the implied warranties of merchantability and fitness for a particular purpose when the subject vehicle and cement mixer was sold to decedent's employer, in that the product was defective and caused decedent to die, and otherwise failed to function as represented, intended and warranted.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant

Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable

## COUNT XVIII
*Plaintiff v. Defendant Oshkosh Corporation*
***Wrongful Death***

139.    All preceding paragraphs of this complaint are hereby incorporated by reference.

140.    At all relevant times, defendant Oshkosh conducted themselves in a careless and negligent manner as set forth above.

141.    As a direct and proximate result of defendant Oshkosh's conduct, plaintiff and decedent's estate suffered the following damages:

(a)    Medical expenses for services and supplies incidental to the treatment and subsequent death of decedent;

(b)    Funeral and estate expenses necessitated by decedent's death;

(c)    Loss and denial of support, income, services, assistance, guidance, counseling, consortium, care, attention, protection, advice, instruction, training, education and companionship of decedent over the time he was expected to live;

(d)    Loss of society and comfort, friendship, guidance, love and affection of decedent over the time he was expected to live;

(e)    Loss of decedent's services as a parent and spouse;

(f)    Expenses incurred in the administration of decedent's estate; and

(g)    Other losses and damages recoverable under 42 Pa. Cons. Stat. § 8301.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant Oshkosh in an amount in excess of the jurisdictional limits of compulsory arbitration,

together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XIX
*Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
***Survival Action – Strict Liability: Failure to Warn***

142.     All preceding paragraphs of this complaint are incorporated herein by reference.

143.     At all relevant times, defendant McNeilus was engaged in the business of marketing, distribution and sale of the subject defective vehicle and the dangerous cement mixer and chute.

144.     At all relevant times, the subject vehicle and cement mixer involved in the catastrophic incident described above were expected to, and did, reach decedent's employer and decedent without substantial change in the condition in which it was sold, and it remained unchanged up until the incident on June 23, 2021.

145.     As it was supplied to decedent, the subject vehicle and cement mixer were in a defective condition, unreasonably dangerous and unsafe for its intended users and uses.

146.     The risks and dangers associated with the subject vehicle and cement mixer were widely known and knowable to defendant McNeilus at the time of sale to decedent's employer, and at the time of decedent's injury and death.

147.     Defendant McNeilus negligently failed to provide warnings of such risks and dangers to decedent as described herein and said risks were not known or knowable to decedent at the time of his death. Ordinary users, including decedent, would not have recognized the potential risks and dangers the subject vehicle and cement mixer posed because warnings associated with the chute's usage only concerned the vertical—and not lateral—movement of the chute.

148.     The subject vehicle and cement mixer were used by decedent in the manner directed, and therefore, a way reasonably foreseeable to defendant McNeilus.

149.     Defendant McNeilus failed to supply decedent with proper warnings and instructions to assure that incidents of the cement mixer's chute unintentionally moving with excessive lateral force during cleaning procedures would not occur, and to alert users and consumers of the danger posed to owners by the subject vehicle and cement mixer.

150.     At all relevant times, some or all of defendant McNeilus' acts and omissions were wanton, willful, reckless, and outrageous.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XX
*Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
*Survival Action – Strict Liability: Defective Design*

151.     All preceding paragraphs of this complaint are hereby incorporated by reference.

152.     The subject vehicle and cement mixer was manufactured, supplied and/or distributed for sale by defendant McNeilus, and was placed into the stream of commerce in a defective and unreasonably dangerous condition by defendant McNeilus, in that the foreseeable risks exceeded the benefits associated with its design or formulation.

153.     Defendant McNeilus was aware of the defective condition of the subject vehicle and cement mixer from the time of its design through the date of decedent's death.

154.    As a result of the defective and unreasonably dangerous condition of the subject vehicle and cement mixer, manufactured, designed and/or supplied by defendant McNeilus, decedent was caused to be unexpectedly struck in the abdomen with the cement mixer's chute. Had the subject vehicle and cement mixer not malfunctioned, decedent never would have been caused to have been struck in the abdomen.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XXI
### *Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
### *Survival Action – Negligence*

155.    All preceding paragraphs of this complaint are hereby incorporated by reference.

156.    Defendant McNeilus and their representatives were manufacturers, designers, marketers, and/or distributors of the subject vehicle and cement mixer.  At all times material hereto, defendant McNeilus had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject vehicle and cement mixer.

157.    Defendant McNeilus so negligently and carelessly manufactured, compounded, tested, assembled, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject vehicle and cement mixer, that it was dangerous and unsafe for the use and purpose for which it was intended, and for whom its use was intended.

158.    Decedent's injuries were a direct and proximate result of defendant McNeilus' negligent and careless conduct with respect to the subject vehicle and cement mixer in the following particulars:

(a)    In failing to use due care in designing, marketing and selling a defective product;

(b)    In negligently approving a design which defendants knew was defective, faulty and dangerous for the intended users, including decedent;

(c)    In prioritizing defendants' own economic interests ahead of the safety of the public and its consumers, including decedent;

(d)    In failing to provide a vehicle and cement mixer whose benefits outweighed the dangers;

(e)    In carelessly promoting, advertising and selling to the general public, the subject vehicle and cement mixer as adequate and safe products for use;

(f)    In failing to properly warn or instruct purchasers of the subject vehicle and cement mixer of the specific danger of the lateral movement of the cement mixer's chute during required cleaning procedures;

(g)    In failing to adequately test, examine or inspect the subject vehicle and cement mixer when truck defendants knew or should have known that it was dangerous and defective, and could result in serious injury or death;

(h)    In failing to comply with industry standards, and company standards, when designing, manufacturing, labeling and distributing the subject vehicle and cement mixer;

(i)    In misrepresenting to plaintiff's decedent and decedent's employer that the subject vehicle and cement mixer were safe for use;

(j)    In violating consumer protection standards in the design, manufacture, sale and/or distribution of the subject vehicle and cement mixer;

(k)    In failing to maintain adequate design, manufacturing and/or warning procedural checks and safeguards that could have prevented the subject vehicle and cement mixer from reaching the public and decedent in a defective condition; and

(l)    In designing, manufacturing, marketing, selling and/or distributing the subject vehicle and cement mixer in a defective and unreasonably dangerous condition.

159.    As a direct and proximate result of defendant McNeilus' and/or it's predecessors' negligence and carelessness, plaintiff and decedent suffered the injuries and damages set forth in this complaint.

160.    At all times material hereto, defendant McNeilus and/or their predecessors knew or had reason to know of the defective and unreasonably dangerous conditions of the subject vehicle and cement mixer, and that the subject vehicle and cement mixer had design, manufacturing and/or warning defects and failed to take any action to remedy the same, warn consumers, such as the decedent.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XXII
*Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
*Survival Action – Breach of Express Warranty*

161.    All preceding paragraphs of this complaint are hereby incorporated by reference.

162.    Defendant McNeilus expressly warranted to plaintiff, decedent and the general public that the subject defective vehicle and cement mixer were safe, effective, fit and proper for its intended use by and through their advertisements, pamphlets, manuals and verbal representations.

163.    Decedent reasonably relied upon the skill and judgment of defendant McNeilus and upon said express warranty, in purchasing and using the subject vehicle. The warranty and

representations were untrue in that the product caused decedent to suffer personal injuries and death, and was therefore unsafe and unsuited for the use for which it was intended and warranted.

164.    Defendant McNeilus had ample and sufficient notice of the breach of said warranty, as soon as the true defective nature of the product, and the fact that the warranty and representations were false, were ascertained years before decedent's death.

165.    As a result of defendant McNeilus' breach of express warranty, plaintiff and decedent have sustained injuries and damages as described herein, and are therefore entitled to compensatory damages.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT XXIII
*Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
### Survival Action – Breach of Implied Warranty

166.    All preceding paragraphs of this complaint are hereby incorporated by reference.

167.    Defendant McNeilus distributed and sold the subject vehicle and cement mixer, and were, with respect to that product, merchants within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

168.    Defendant McNeilus impliedly warranted that the subject vehicle and cement mixer, which they promoted, distributed and sold to decedent, was merchantable, fit and safe for ordinary use, and would not cause injuries and death.

169.    In purchasing the subject vehicle and cement mixer, decedent's employer—and decedent himself—relied upon the judgment of defendant McNeilus that it was fit for its intended purpose and would not cause death during its ordinary use.

170.    Defendant McNeilus' subject vehicle and/or cement mixer were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the purpose for which it was sold, and caused decedent to die, resulting in injuries and damages to him and plaintiff.

171.    Therefore, defendant McNeilus breached the implied warranties of merchantability and fitness for a particular purpose when the subject vehicle and cement mixer was sold to decedent's employer, in that the product was defective and caused decedent to die, and otherwise failed to function as represented, intended and warranted.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XXIV
*Plaintiff v. Defendant McNeilus Truck and Manufacturing, Inc.*
***Wrongful Death***

172.    All preceding paragraphs of this complaint are hereby incorporated by reference.

173.    At all relevant times, defendant McNeilus conducted themselves in a careless and negligent manner as set forth above.

174.    As a direct and proximate result of defendant McNeilus' conduct, plaintiff and decedent's estate suffered the following damages:

   (a)    Medical expenses for services and supplies incidental to the treatment and subsequent death of decedent;

(b)   Funeral and estate expenses necessitated by decedent's death;

(c)   Loss and denial of support, income, services, assistance, guidance, counseling, consortium, care, attention, protection, advice, instruction, training, education and companionship of decedent over the time he was expected to live;

(d)   Loss of society and comfort, friendship, guidance, love and affection of decedent over the time he was expected to live;

(e)   Loss of decedent's services as a parent and spouse;

(f)   Expenses incurred in the administration of decedent's estate; and

(g)   Other losses and damages recoverable under 42 Pa. Cons. Stat. § 8301.

WHEREFORE, plaintiff Cynthia Gamble, as Administratrix *pendente lite* of the Estate of Thomas J. Henisch, deceased, demands judgment for compensatory and punitive damages against defendant McNeilus in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**FRIDAY & COX, LLC**

*/s/Peter D. Friday*
Peter D. Friday, Esquire
PA I.D. # 48746
*pfriday@fridaylaw.com*

Brian S. Anderson, Esquire
PA I.D. # 331961
*banderson@fridaylaw.com*

1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
Fax:    (412) 561-4291

## **CERTIFICATE OF SERVICE**

I certify that on December 1, 2023, a true and correct copy of the foregoing ***Complaint in Civil Action*** was served by postage-prepaid First Class U.S. Mail and/or electronic mail upon the following parties:

Peterbilt Motors Co.
1700 Woodbrock Street
Denton, TX 76205
*Defendant*

Clifford M. Laney, Esquire
Anthony M. Pisciotti, Esquire
Pisciotti Lallis Erdreich
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
*claney@pisciotti.com*
*Counsel for Defendant PACCAR, Inc.*

Dennis P. Ziemba, Esquire
Eckert Seamans Cherin & Mellott, LLC
One Liberty Place
1650 Market St. Suite 360
Philadelphia, PA 19103
*dziemba@eckerseamans.com*
*Counsel for Defendants Oshkosh Corporation and McNeilus Truck and Manufacturing, Inc.*

*/s/Peter D. Friday*
Peter D. Friday, Esquire
PA I.D. # 48746
*pfriday@fridaylaw.com*