IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY HENISCH, *as Administratix of* the Estate of THOMAS J. HENISCH, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OSHKOSH CORPORATION, *and* MCNEILUS TRUCK AND MANUFACTURING, INC.,<br><br>　　　　　Defendants. | Civil Action No. 2:23 CV 2147<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 135 and 139 |

## **MEMORANDUM ORDER**

Before the Court are two motions related to Plaintiff's late filing of briefs in opposition to pending motions to exclude her liability expert witnesses at trial. For the following reasons, the Motion to Strike filed on behalf of McNeilus Truck and Manufacturing, Inc. ("McNeilus"), ECF No. 135, is denied, and the Motion for Extension of Time filed by Plaintiff Kimberly Henisch, ECF No. 139, is granted.

**I.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Because the Court primarily writes for the parties, the procedural and factual background are only briefly discussed.

This action arises out of abdominal injuries sustained by Decedent Thomas J. Hensich that are alleged to have resulted from his operation of a concrete mixer designed and manufactured by Defendant Oshkosh Corporation or McNeilus. ECF No. 20. Defendants deny that the Decedent's injuries and ultimately, his death, resulted from any alleged defect in the equipment. ECF No. 20.

1

Shortly after a pretrial schedule was issued in this case, the parties consented to the jurisdiction of a United States Magistrate Judge for all further proceedings, including trial and entry of final judgment. ECF Nos. 104, 108. This case was reassigned to the undersigned and an in-person status conference was conducted on May 15, 2025, to reset deadlines and discuss readiness for trial. ECF No. 125. Defendants disclosed their intention to file motions to exclude Plaintiff's liability experts and counsel – including Plaintiff's lead trial counsel – agreed to the Court's briefing schedule. Id. Pursuant to that schedule, Defendants' motions were to be filed on or before May 30, 2025, and Plaintiff was to file responses by June 30, 2025. Any reply by Defendants was to be filed by July 15, 2025. Id.

McNeilus timely filed two motions to exclude Plaintiff's liability experts. ECF Nos. 129 and 131. The June 30, 2025, deadline for Plaintiff's opposition passed without a response. On July 14, 2025, without consent of opposing counsel, or a timely motion to extend time, counsel for Plaintiff filed two briefs in opposition to the motions to exclude experts. ECF Nos. 133, 134. On July 15, 2025, McNeilus filed a Motion to Strike both briefs and a Brief in Support.[1] ECF Nos. 135 and 136. McNeilus cites Plaintiff's "repeated failure to comply with the Court's scheduling orders and directives" and urges the Court to strike the responsive briefs and pay "reasonable expenses associated with this Motion to Strike." ECF No. 136 at 4.

Shortly after the Motion to Strike appeared on the docket, counsel for Plaintiff filed a Response. He asserts that the delay resulted from his delegation of recording scheduling deadlines to paralegals and an email glitch that prevented paralegals from receiving "crucial emails." ECF No. 137 at ¶ 1.

---

[1] The Court reminds counsel for McNeilus that in accordance with Chambers Procedures, Westlaw citations shall be used for all unreported cases.

Upon review of the Motion to Strike and Response, the Court entered an Order on July 16, 2025, directing Plaintiff to file a Motion for an Extension of Time to file her briefs in opposition to the underlying motions to exclude experts.[2] ECF No. 138.

Later that day, Plaintiff filed a Motion for Extension of Time. ECF No. 139. In the motion, counsel states that a change was made in computer systems in Spring 2025, and that the designated email address for the law firm's paralegals failed. He became aware of the lapse on July 14, 2025, and immediately filed his responses to the pending motions to exclude experts. Id. He contends no substantial prejudice is suffered by any party in allowing the extension of time, and he accepts responsibility for the failed scheduling system used by his law firm. Id.

McNeilus filed a Brief in Opposition citing the five attorneys at Plaintiff's law firm who are listed on the docket of this matter and thus would have received the electronic notice of the Court's Hearing Memo setting forth the briefing schedule. He also recounts a history of missed deadlines in this case. ECF No. 140.

The Motion to Strike and the Motion for Extension of Time are ripe.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court to extend a filing deadline "on motion made after the time has expired if the party fails to act because of excusable neglect."

---

[2] The Order directed as follows:

> In accordance with Talley v. Wetzel, No. 21-1855, 2022 WL 3712869, at *2 (3d Cir. Aug. 29, 2022), Plaintiff is directed to file a motion for an extension of time to file responses to the pending Motions to Exclude Experts, addressing the factors of excusable neglect identifed in Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). See also Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) ("[T]here is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." (quoting Jones v. Cent. Bank, 161 F.3d 311, 314 n.2 (5th Cir. 1998))). "Thus a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the Pioneer factors, before permitting an untimely motion. Id. at 785 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)). Plaintiff's motion for an extension of time shall be filed by July 21, 2025.

Id.

Before permitting or excluding an untimely filing, the District Court must, after a formal motion is filed, decide whether there was excusable neglect. See Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010) (citing Pioneer, 507 U.S. at 395). "Under Pioneer, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Id. (quoting Pioneer, at 385, and citing In re O'Brien Env't. Energy, Inc., 188 F.3d 116, 125 n. 7 (3d Cir. 1999) (holding that Pioneer factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure)).

### III. DISCUSSION

Upon review, the Court concludes that application of the Pioneer factors in this instance does not warrant the drastic remedy requested by McNeilus. First, the delay caused by Plaintiff's late filings was 14 days. This delay does not greatly impact these proceedings as a trial date has not been set, and the briefing schedule for the underlying motions will be adjusted to permit McNeilus sufficient time to reply. Thus, granting the relief sought by Plaintiff would not result in any legal prejudice.

The Court agrees that the reason for the delay was within Plaintiff's counsel's control and this factor weighs in favor of denying the motion to extend time. Pioneer, 507 U.S. at 395. However, this factor is not dispositive and there is nothing to suggest that Plaintiff's counsel acted in bad faith. See Kimberg v. Univ. of Scranton, 411 F. App'x 473 (3d Cir. 2010) ("an honest oversight that is not part of a sinister, well-conceived plan to frustrate" an opposing party will not bar a finding of excusable neglect.). To that end, the record reflects that Plaintiff's counsel filed

the briefs at issue shortly after learning of the lapse. Good faith may be found when a party acts with "reasonable haste to investigate [a] problem and to take available steps toward a remedy." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 184 (3d Cir. 2000) (finding no bad faith in assessment of excusable neglect when party corrected error within three business days).

The Court certainly is troubled by the reason advanced for the delay, given the number of attorneys identified on the docket acting on Plaintiff's behalf who also would have received the Court's briefing schedule, and the fact that Plaintiff's trial counsel was present at the status conference when the schedule was determined. The Court therefore understands McNeilus's frustration with Plaintiff's counsel's failure to abide by the Court's deadlines. But the remedy requested by McNeilus would impede resolution of this matter on the merits and thus not serve the interest of justice in this instance.

"'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer, 507 U.S. at 394. Thus, for the purposes of the instant motion, the Court finds it must conclude that Plaintiff's counsel's failure to comply with the briefing schedule, while unfortunate and disappointing, was negligence. As such, it constitutes excusable neglect. Notice is hereby given that going forward, the Court will not tolerate further delays absent good cause and expects that Plaintiff's counsel will abide by **all** scheduling orders. Counsel is reminded that he and his co-counsel of record, not the law firm's paralegal(s), are responsible for the litigation of this matter.

Accordingly, this 18th day of July 2025, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for an Extension of Time to File Responses to the Pending Motions to Exclude Experts, ECF No. 139, is GRANTED.

(2) IT IS FURTHER ORDERED that McNeilus's Motion to Strike, ECF No. 135, is DENIED.

(3) IT IS FURTHER ORDERED that McNeilus's Reply to Plaintiff's Briefs in Opposition to the pending Motions to Exclude Experts is due August 8, 2025.

(4) IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via Notice of Electronic Filing